UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
XIAO CONG HU,

     Plaintiff,

 -against-

ERIC H. HOLDER, *Attorney General of the United States*; JANET NAPOLITANO, *Secretary, Department of Homeland Security*, ALEJANDRO MAYORKAS, *Director, U.S. Citizenship and Immigration Services*; DAVID ROARK, *Director, Texas Service Center, U.S. Citizenship and Immigration Services*; ANDREA QUARANTILLO, *District Director, U.S. Citizenship and Immigration Services, New York City Field Office,*

     Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 11-CV-4747 (FB)

*Appearances:*
*For the Plaintiff:*
CHUNYU JEAN WANG, ESQ.
Wang Law Office
36-25 Main Street, Suite 3A
Flushing, NY 11354

*For the Defendants:*
ELLIOT M. SCHACHNER, ESQ.
United States Attorneys Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

  Plaintiff Xiao Cong Hu brings this action against Eric Holder, Janet Napolitano, Alejandro Mayorkas, David Roark, and Andrea Quarantillo seeking to compel the United States Citizenship and Immigration Services ("USCIS") to adjudicate his application for permanent residence. Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

  Plaintiff is a native and citizen of China. He arrived in the United States with a false passport on February 8, 1993, was apprehended, and was paroled into the United

States pending exclusion proceedings. On April 17, 1995, an immigration judge ("IJ") ordered plaintiff removed. The Board of Immigration Appeals ("BIA") affirmed the IJ's decision on October 25, 1995, which constituted the final order of removal. Plaintiff filed four motions to reopen with the BIA, in 2006 and 2008, all of which were denied. On December 9, 2003, plaintiff applied to adjust his status to that of lawful permanent resident. On December 8, 2011, the USCIS denied that application. Plaintiff now contends that USCIS failed to follow the proper procedures in denying his adjustment of status application.

The district court lacks subject matter jurisdiction over plaintiff's claim. A "petition for review filed with an appropriate court of appeals" is "the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1251(a)(5); *see Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 105 (2d Cir. 2008). The Second Circuit has found that "section 1252(a)(5)'s jurisdictional bar applies equally to preclude. . . an indirect challenge" to an order of removal. *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011). A challenge to an adjustment of status determination is "inextricably linked" to an alien's removal order, because if the plaintiff were successful in his application this "would render the reinstatement order 'invalid.'" *Id.* (quoting *Morales-Izquierdo v. DHS*, 600 F.3d 1076, 1082-83 (9th Cir. 2010)). Accordingly, plaintiff has asserted an "indirect" challenge to the order of removal and the district court lacks subject matter jurisdiction over his claim.

Ordinarily, if an action or appeal is mistakenly filed in the wrong court, the court in which the action is filed may "in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. However, transfer to the Second Circuit

Court of Appeals would be improper in this case because plaintiff's claim was not timely filed. *See De Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 617-18 (2d Cir. 2007) (because plaintiff's petition was not timely filed, transfer under § 1631 was not permitted). Under the REAL ID Act, enacted on May 11, 2005, a "petition for review must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). Plaintiff's final order of removal occurred in 1995, prior to the enactment of the REAL ID Act. As a result, he had until 30 days after the effective date of the REAL ID Act to file his action. *See Ruiz-Martinez*, 516 F.3d at 116 (adopting a 30 day "grace period" for petitions for review of final orders of removal that became final prior to May 11, 2005). Plaintiff filed this action in September 2011, well outside of that period.

Accordingly, because this court lacks subject matter jurisdiction to review plaintiff's claims, this action is dismissed.

**SO ORDERED.**

s/ Judge Frederic Block
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, NY
June 22, 2012